FILED
STATE OF ALASKA
THIRD DISTRICT
2020 MAR 27 PM 12: 19
CLERK OF THE TRIAL COURTS
BY DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

MICHELE WAETJEN,

Plaintiff,

vs.

SYSCO ALASKA, INC.,
An Alaska Corporation,

Defendant.

**CIVIL COMPLAINT**

Case No. 3AN-20-05682 CIV.

Comes now the plaintiff, MICHELE WAETJEN, by and through her attorney, Joe P. Josephson, Alaska Bar number 6102018, of Josephson Law Offices, LLC, 912 West Sixth Avenue, Anchorage, Alaska 99501, and for her complaint against the defendant, SYSCO ALASKA, INC., alleges as follows:

**PART ONE. General Allegations Applicable to Each Claim for Relief.**

1. Plaintiff MICHELE WAETJEN is a resident and inhabitant of the State of Alaska, at Anchorage. Until on or about February 25, 2020, she was a long-standing employee of the defendant SYSCO ALASKA, INC., and its corporate predecessor, with the responsibility and task of managing and preparing payments of the defendant's accounts payable.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

2. Defendant SYSCO ALASKA, INC. is a corporation organized under the laws of Alaska with its principal offices in Alaska located at 6601 Changepoint Drive, Anchorage, Alaska.

3. Defendant distributes food and related products and services to restaurants, nursing homes, hospitals, hotels, motels, schools, colleges, cruise ships, sports parks and summer camps. Defendant also distributes service ware and janitorial supplies.

4. On or about February 25, 2020, plaintiff was notified by her supervisor, Mr. Carl Hofelder, that her position was being eliminated and that her services were no longer required. Accordingly, plaintiff was fired. As a foreseeable, natural, and proximate consequence of the defendant's failure to accommodate her reasonable request for accommodation for her disabilities, and the defendant's abrupt termination of her employment, the plaintiff has suffered and continues to suffer loss of income and emotional distress, and her loss of income and emotional distress are likely to continue into the future. The extent and amount of her damages will be proved at trial.

5. Prior to being fired, plaintiff had received no negative evaluation and had not been given any warning, counseling or discipline relating to her

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

performance of her job tasks and responsibilities, or to her conduct or behavior. Plaintiff was not informed that her work or work product was inadequate or needed to be improved.

6. To the contrary, plaintiff was consistently praised and commended for her work and particularly for her accuracy and promptitude in processing the defendant corporation's accounts payable, her major responsibility in the workplace.

7. However, several days before her employment was terminated, plaintiff went to the defendant's "HR" officer and complained, for the first and only time, because her supervisor, Mr. Hofelder, had denied her request for a reasonable accommodation for her physical disability (peripheral neuropathy).

8. The only accommodation which plaintiff had requested was that she be permitted to perform her tasks at a desk on the first floor of the defendant's offices in Anchorage, rather than on the second floor.

9. If that request had been granted, it would not have been necessary to relocate any other employee or to relocate furniture.

10. Accounts payable files would have had to be brought to the first floor, but the limited quantity of these files, which were already kept in a

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

portable carrier, could have been moved without difficulty or expense.

11. Furthermore, the accounts receivable files contained no sensitive or personal information which necessitated that they be kept on an upper floor. Plaintiff's request could have easily been accommodated because desk space, as suggested above in paragraph 9, was available for her use on the first floor, and because in prior years, she had performed the same or similar duties from a first floor location, utilizing files of the same character.

**PART TWO. <u>Plaintiff's First Claim for Relief (Retaliation).</u>**

12. Plaintiff re-alleges and incorporates herein by reference, in this, her First Claim for Relief, each and every allegation set forth in paragraphs 1 through 11 above, as if the said paragraphs were expressly reiterated in this, her First Claim for Relief.

13. The true reason for her firing by the defendant was in retaliation for her request for a reasonable accommodation under the Americans With Disabilities Act, and her communication with the defendant's Human Relations ("HR") director in order to express her good faith belief that the refusal to allow her to work from the first floor location was a violation of law, considering her disabilities and other factors, and her good faith belief that her contact with the

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

"HR" director was protected conduct. A good faith report to HR of discriminatory conduct is "protected activity" as a predicate for a claim of retaliation. **See,** *e.g., Solomon v. Vilsack, Secretary of Agriculture,* 763 F.3d 1 (D.C. Cir. 2014); **see** *Sayger v. Riceland Foods, Inc.,* 753 F.3d 1025 (8TH Cir. 2013).

14. Such retaliation was illegal under section 704 of Title VII, which protects employees from retaliation for opposing discriminatory or harassing practices or for participating in an inquiry into discriminatory practices. **See** 42 U.S.C. sec 2000e-3(a). Equivalent statutory protections against retaliation are provided by the Americans With Disabilities Act and the Alaska Human Rights Act (**see** AS 18;80;220(a)(4); **see** *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 660 (Alaska 2006).

15. Plaintiff's report to the "HR" director of the defendant was a substantial motivation for the defendant's desire to retaliate against her by terminating her employment.

**PART THREE: Plaintiff's Second Claim for Relief (Breach of the Implied Covenant of Good Faith and Fair Dealing).**

16. Plaintiff re-alleges and incorporates herein by reference, in this, her

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

Second Claim for Relief, each and every allegation set forth in paragraphs 1 through 14 above, as if the said paragraphs were expressly reiterated, in this, her Second Claim for Relief.

17. There exists, in every contract of employment entered into in the State of Alaska, an implied covenant of good faith and fair dealing.

18. Under the implied covenant of good faith and fair dealing, an employer may not terminate an at-will employee, such as plaintiff was, for reasons antithetical to the implied covenant. The "objective prong" of the implied covenant can be breached by the conduct of the employer which violates public policy, or which fails to act in a manner that a reasonable person would regard as fair.

19. The defendant's conduct, in terminating plaintiff's at-will employment, under the circumstances above-described, (a) violated public policy and, (b), in addition, was conduct that a reasonable person would regard as unfair.

20. For either or both of the reasons set forth in the preceding paragraph, the defendant, in terminating plaintiff's employment, violated the implied covenant of good faith and fair dealing in force in Alaska.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

PART FOUR. <u>Claim Under the Americans With Disabilities Act</u>.

21. Plaintiff re-alleges each and every allegation set forth above in paragraphs 1 through 20, as if the same were expressly restated in this, her Third Claim for Relief.

22. Plaintiff, at all times relevant, has suffered from peripheral neuropathy, which causes her intermittent numbness and pain in her hands, legs, and feet. Peripheral neuropathy is a disability within the meaning of the Americans with Disabilities Act.

23. In seeking to work in a first-floor office location, instead of in a higher floor, plaintiff was seeking a reasonable accommodation. In refusing to make the particular requested accommodation, and then terminating her employment, and in failing to engage in an interactive process, the defendant-employer violated the plaintiff's rights to reasonable accommodation under the Americans with Disabilities Act.

24. Plaintiff is entitled to recover damages for past, present and future lost earnings, and for emotional distress, under the Americans With Disabilities Act (as well as because of her other claims for relief pled or referenced above.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

**PART FIVE: <u>Claim under Alaska Human Rights Commission</u>.**

25. Plaintiff re-alleges, and incorporates by reference, each and every allegation set forth above, as if the same were expressly reiterated herein, n this, her Fourth Claim for Relief.

26. It is the public policy of Alaska, as made manifest by AS 18.80.200(b) "to encourage physically. . . disabled persons to participate fully in the social and economic life of the state and to engage in remunerative employment."

27. Under AS 18.80.220(a)(4) it is unlawful for an employer "to discharge, Expel, or otherwise discriminate against a person because the person has opposed any practices forbidden under AS 18.80.200 – 18.80. 280 [the Alaska Human Rights Act] or because the person has filed a complaint, testified or assisted in a proceeding under this chapter."

28. Both in failing to provide the reasonable accommodation sought by the plaintiff, a disabled person, and in terminating her employment shortly after she complained to the "HR" director about the defendant's refusal to provide the requested reasonable accommodation, the defendant behaved in a manner contrary to, and inconsistent with, the Alaska Human Rights Act, and so caused the plaintiff to suffer economic damages and emotional distress.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

29. Plaintiff's economic damages and emotional distress are continuing in nature, and their nature and extent will be proved at trial.

WHEREFORE, plaintiff prays for the recovery of damages from the defendant, (a) for her loss of past, present, and future income, and (b) for her past, present and future emotional distress, and (c) for the recovery of her costs and attorney fees incurred in this action, and (d) for such other, further or different relief as the Court or Jury may find just and proper.

DATED at Anchorage, Alaska, this 27th day of March, 2020.

Joe P. Josephson
Alaska Bar number 6102018
Josephson Law Offices, LLC
912 West 6th Avenue
Anchorage, Alaska 99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
joepjosephson@gmail.com

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

FILED in the TRIAL COURTS
STATE OF ALASKA, THIRD DISTRICT

APR 27 2020

Clerk of the Trial Courts
By ________________ Deputy

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| MICHELE WAETJEN,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO ALASKA, INC.,<br>an Alaska corporation,<br><br>Defendant. | **FIRST AMENDED CIVIL COMPLAINT**<br><br>Case No. 3AN-20-05682 CIV. |

Comes now the plaintiff, MICHELE WAETJEN, by and through her attorney, Joe P. Josephson, Alaska Bar number 6102018, of Josephson Law Offices, LLC, 912 West Sixth Avenue, Anchorage, Alaska 99501, and for her First Amended Civil Complaint against the defendant, SYSCO ALASKA, INC., alleges as follows:

**PART ONE. General Allegations Applicable to Each Claim for Relief.**

1. Plaintiff MICHELE WAETJEN is a resident and inhabitant of the State of Alaska, at Anchorage. Until on or about February 25, 2020, she was a long-standing employee of the defendant SYSCO ALASKA, INC., and its corporate predecessor, with the responsibility and task of managing and preparing payments of the defendant's accounts payable.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

2. Defendant SYSCO ALASKA, INC. is a corporation organized under the laws of Alaska with its principal offices in Alaska located at 6601 Changepoint Drive, Anchorage, Alaska.

3. Defendant distributes food and related products and services to restaurants, nursing homes, hospitals, hotels, motels, schools, colleges, cruise ships, sports parks and summer camps. Defendant also distributes service ware and janitorial supplies.

4. On or about February 12, 2020, plaintiff was notified by her supervisor, Mr. Carl Hofelder, that her position was being eliminated and that her services were no longer required. Accordingly, plaintiff was fired. As a foreseeable, natural, and proximate consequence of the defendant's failure to accommodate her reasonable request for accommodation for her disabilities, and the defendant's abrupt termination of her employment, the plaintiff has suffered and continues to suffer loss of income and emotional distress, and her loss of income and emotional distress are likely to continue into the future. The extent and amount of her damages will be proved at trial.

5. Prior to being fired, plaintiff had received no negative evaluation and had not been given any warning, counseling or discipline relating to her

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

performance of her job tasks and responsibilities, or to her conduct or behavior. Plaintiff was not informed that her work or work product was inadequate or needed to be improved.

6. To the contrary, plaintiff was consistently praised and commended for her work and particularly for her accuracy and promptitude in processing the defendant corporation's accounts payable, her major responsibility in the workplace.

7. However, several days before her employment was terminated, plaintiff went to the defendant's "HR" officer and complained, for the first and only time, because her supervisor, Mr. Hofelder, had denied her request for a reasonable accommodation for her physical disability (peripheral neuropathy). (In addition to peripheral neuropathy in he legs and feet, has at all times relevant had borderline diabetes and chronic high blood pressure).

8. The only accommodation which plaintiff had requested was that she be permitted to perform her tasks at a desk on the first floor of the defendant's offices in Anchorage, rather than on the second floor.

9. If that request had been granted, it would not have been necessary to

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

relocate any other employee or to relocate furniture.

10. Accounts payable files would have had to be brought to the first floor, but the limited quantity of these files, which were already kept in a portable carrier, could have been moved without difficulty or expense.

11. Furthermore, the accounts receivable files contained no sensitive or personal information which necessitated that they be kept on an upper floor. Plaintiff's request could have easily been accommodated because desk space, as suggested above in paragraph 9, was available for her use on the first floor, and because in prior years, she had performed the same or similar duties from a first floor location, utilizing files of the same character.

**PART TWO. <u>Plaintiff's First Claim for Relief (Retaliation).</u>**

12. Plaintiff re-alleges and incorporates herein by reference, in this, her First Claim for Relief, each and every allegation set forth in paragraphs 1 through 11 above, as if the said paragraphs were expressly reiterated in this, her First Claim for Relief.

13. The true reason for her firing by the defendant was in retaliation for her request for a reasonable accommodation under the Americans With Disabilities Act, and her communication with the defendant's Human Relations

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

("HR") director in order to express her good faith belief that the refusal to allow her to work from the first floor location was a violation of law, considering her disabilities and other factors, and her good faith belief that her contact with the "HR" director was protected conduct. A good faith report to HR of discriminatory conduct is "protected activity" as a predicate for a claim of retaliation. **See,** *e.g., Solomon v. Vilsack, Secretary of Agriculture,* 763 F.3d 1 (D.C. Cir. 2014); **see** *Sayger v. Riceland Foods, Inc.,* 753 F.3d 1025 (8TH Cir. 2013).

14. Such retaliation was illegal under section 704 of Title VII, which protects employees from retaliation for opposing discriminatory or harassing practices or for participating in an inquiry into discriminatory practices. **See** 42 U.S.C. sec 2000e-3(a). Equivalent statutory protections against retaliation are provided by the Americans With Disabilities Act and the Alaska Human Rights Act (**see** AS 18;80;220(a)(4); **see** *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 660 (Alaska 2006).

15. Plaintiff's report to the "HR" director of the defendant was a substantial motivation for the defendant's desire to retaliate against her by terminating her employment.

**JOSEPHSON LAW OFFICES, LLC.**
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

**PART THREE: Plaintiff's Second Claim for Relief (Breach of the <u>Implied Covenant of Good Faith and Fair Dealing</u>).**

16. Plaintiff re-alleges and incorporates herein by reference, in this, his Second Claim for Relief, each and every allegation set forth in paragraphs 1 through 15 above, as if the said paragraphs were expressly reiterated, in this, her Second Claim for Relief.

17. There exists, in every contract of employment entered into in the State of Alaska, an implied covenant of good faith and fair dealing.

18. Under the implied covenant of good faith and fair dealing, an employer may not terminate an at-will employee, such as plaintiff was, for reasons antithetical to the implied covenant. The "objective prong" of the implied covenant can be breached by the conduct of the employer which violates public policy, or which fails to act in a manner that a reasonable person would regard as fair.

19. The defendant's conduct, in terminating plaintiff's at-will employment, under the circumstances above-described, (a) violated public policy and, (b), in addition, was conduct that a reasonable person would regard as unfair.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

20. For either or both of the reasons set forth in the preceding paragraph, the defendant, in terminating plaintiff's employment, violated the implied covenant of good faith and fair dealing in force in Alaska.

**PART FOUR. Claim Under the Americans With Disabilities Act.**

21. Plaintiff re-alleges each and every allegation set forth above in paragraphs 1 through 20, as if the same were expressly restated in this, her Third Claim for Relief.

22. Plaintiff, at all times relevant, has suffered from peripheral neuropathy, which causes her intermittent numbness and pain in her hands, legs, and feet. Peripheral neuropathy is a disability within the meaning of the Americans with Disabilities Act. (Plaintiff also has other chronic physical ailments as stated, *supra*, in paragraph 7).

23. In seeking to work in a first-floor office location, instead of in a higher floor, plaintiff was seeking a reasonable accommodation. In refusing to make the particular requested accommodation, and then terminating her employment, and in failing to engage in an interactive process, the defendant-employer violated the plaintiff's rights to reasonable accommodation under the Americans with Disabilities Act.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

24. Plaintiff is entitled to recover damages for past, present and future lost earnings, and for emotional distress, under the Americans With Disabilities Act (as well as because of her other claims for relief pled or referenced above.

**PART FIVE: <u>Claim under Alaska Human Rights Commission</u>.**

25. Plaintiff re-alleges, and incorporates by reference, each and every allegation set forth above, in paragraphs 1 through 24, as if the same were expressly reiterated herein, n this, her Fourth Claim for Relief.

26. It is the public policy of Alaska, as made manifest by AS 18.80.200(b) "to encourage physically. . . disabled persons to participate fully in the social and economic life of the state and to engage in remunerative employment."

27. Under AS 18.80.220(a)(4) it is unlawful for an employer "to discharge, Expel, or otherwise discriminate against a person because the person has opposed any practices forbidden under AS 18.80.200 – 18.80. 280 [the Alaska Human Rights Act] or because the person has filed a complaint, testified or assisted in a proceeding under this chapter."

28. Both in failing to provide the reasonable accommodation sought by the plaintiff, a disabled person, and in terminating her employment shortly after she complained to the "HR" director about the defendant's refusal to provide

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

the requested reasonable accommodation, the defendant behaved in a manner contrary to, and inconsistent with, the Alaska Human Rights Act, and so caused the plaintiff to suffer economic damages and emotional distress.

29. Plaintiff's economic damages and emotional distress are continuing in nature, and their nature and extent will be proved at trial. Plaintiff's economic damages and emotional distress are heightened by her having spent approximately 16 years performing the same and similar tasks for the defendant's corporate predecessor in Alaska (DiTomaso's Fruits & Vegetables), And her physical need for reasonable accommodation in the workpace.

WHEREFORE, plaintiff prays for the recovery of damages from the defendant, (a) for her loss of past, present, and future income, and (b) for her past, present and future emotional distress, and (c) for the recovery of her costs and attorney fees incurred in this action, and (d) for such other, further or different relief as the Court or Jury may find just and proper.

DATED at Anchorage, Alaska, this 25th day of April, 2020.

Joe P. Josephson, Alaska Bar #6102018
Josephson Law Offices, LLC
912 West 6th Avenue
Anchorage, Alaska 99501
Tel. (907) 276-0151/Fax (907) 276-0155

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

MICHELE WAETJEN,

Plaintiff,

v.

SYSCO ALASKA, INC.,
an Alaska corporation,

Defendant.

Case No. 3AN-20-05682 CI

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, MICHELE WAETJEN, by and through her undersigned attorney and pursuant to Alaska Rule of Civil Procedure 15, for leave to file and serve the attached proposed Second Amended Complaint, in which SYSCO SEATTLE, INC. is identified as the party defendant. Hence, plaintiff moves also that the Superior Court accept the amended pleading. This Motion is Supported by the Rejection of Service of Process received by the undersigned office on April 6, 2020. (See Attached.)

DATED at Anchorage, Alaska, this 15 day of May, 2020.

Joe P. Josephson
Alaska Bar No. 6102018



null
**Transmittal Number: 21354411**

# Rejection of Service of Process

**Return to Sender Information:**

Joe P. Josephson null
Josephson Law Offices, LLC
912 West 6th Avenue
Anchorage, AK 99501

| | |
|---|---|
| **Date:** | 03/31/2020 |
| **Party Served:** | Sysco Alaska, Inc. |
| **Jurisdiction Served:** | AK |
| **Method Served:** | Certified Mail |
| **Title of Action:** | Michele Waetjen vs. Sysco Alaska, Inc. |
| **Case/Reference No:** | 20-5682CI |

The service of process received for the party served, as listed above, cannot be forwarded to the intended party for one of the reasons listed below:

- **Agent -** According to our records and the records at the Secretary of State, or other appropriate state agency, we are not the registered agent for the company you are trying to serve or the status of the entity is no longer active.
- **Name -** Because two or more companies can have very similar names, the name of the company to which service of process is directed MUST BE IDENTICAL to the company name on file with the Secretary of State or other appropriate state agency.
- **Resignation -** CSC has resigned as the registered agent for the company being served.

Or the entity served is inactive at the state for one of the reasons listed below:

- **Withdrawn**
- **Surrendered**
- **Merged Out of Existence**
- **Dissolved**
- **Revoked**

It is your responsibility to verify this information with the Secretary of State or other appropriate state agency.

Our customer records are confidential. We do not release any information related to our customers, agent representation or service of process received. Please contact the Secretary of State or other appropriate agency for more information.

For an electronic copy of the identified service of process, send your request by e-mail to sop@cscglobal.com. Please include the transmittal number located in the upper right-hand corner of this letter.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

MICHELE WAETJEN,

Plaintiff,

v.

SYSCO SEATTLE, INC., an Alaska corporation,

Defendant.

Case No. 3AN-20-05682 CI

**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**

The Court having received Plaintiff MICHELE WAETJEN's *Motion for Leave to Amend Complaint*, and having considered same and any opposition and reply thereto and the court being fully advised:

1) The Plaintiff's Motion is GRANTED;

2) Plaintiff's *Second Amended Civil Complaint* is accepted in accordance with Alaska Rule of Civil Procedure 15.

DATED this _____ day of _____________, 2020.

_______________________________
Andrew Guidi
Superior Court Judge

**JOSEPHSON LAW OFFICES, LLC.**
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| MICHELE WAETJEN,<br><br>Plaintiff,<br><br>v.<br><br>SYSCO SEATTLE, INC.,<br>an Alaska corporation,<br><br>Defendant. | ) | **SECOND AMENDED CIVIL COMPLAINT**<br><br>Case No. 3AN-20-05682 CI |

Comes now the plaintiff, MICHELE WAETJEN, by and through her undersigned attorney, and for her Second Amended Civil Complaint against the defendant, SYSCO SEATTLE, INC., alleges as follows:

**PART ONE. General Allegations Applicable to Each Claim for Relief.**

1. Plaintiff MICHELE WAETJEN is a resident and inhabitant of the State of Alaska, at Anchorage. Until on or about February 25, 2020, she was a long-standing employee of the defendant SYSCO ALASKA, INC., and its corporate predecessor, with the responsibility and task of managing and preparing payments of the defendant's accounts payable.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

2. Defendant SYSCO SEATTLE, INC. is a corporation organized under the laws of Alaska with its principal offices in Alaska located at 6601 Changepoint Drive, Anchorage, Alaska.

3. Defendant distributes food and related products and services to restaurants, nursing homes, hospitals, hotels, motels, schools, colleges, cruise ships, sports parks and summer camps. Defendant also distributes service ware and janitorial supplies.

4. On or about February 25, 2020, plaintiff was notified by her supervisor, Mr. Carl Hofelder, that her position was being eliminated and that her services were no longer required. Accordingly, plaintiff was fired. As a foreseeable, natural, and proximate consequence of the defendant's failure to accommodate her reasonable request for accommodation for her disabilities, and the defendant's abrupt termination of her employment, the plaintiff has suffered and continues to suffer loss of income and emotional distress, and her loss of income and emotional distress are likely to continue into the future. The extent and amount of her damages will be proved at trial.

**JOSEPHSON LAW OFFICES, LLC.**
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

5. Prior to being fired, plaintiff had received no negative evaluation and had not been given any warning, counseling or discipline relating to her performance of her job tasks and responsibilities, or to her conduct or behavior. Plaintiff was not informed that her work or work product was inadequate or needed to be improved.

6. To the contrary, plaintiff was consistently praised and commended for her work and particularly for her accuracy and promptitude in processing the defendant corporation's accounts payable, her major responsibility in the workplace.

7. However, several days before her employment was terminated, plaintiff went to the defendant's "HR" officer and complained, for the first and only time, because her supervisor, Mr. Hofelder, had denied her request for a reasonable accommodation for her physical disability (peripheral neuropathy).

8. The only accommodation which plaintiff had requested was that she be permitted to perform her tasks at a desk on the first floor of the defendant's offices in Anchorage, rather than on the second floor.

9. If that request had been granted, it would not have been necessary to relocate any other employee or to relocate furniture.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

10. Accounts payable files would have had to be brought to the first floor, but the limited quantity of these files, which were already kept in a portable carrier, could have been moved without difficulty or expense.

11. Furthermore, the accounts receivable files contained no sensitive or personal information which necessitated that they be kept on an upper floor. Plaintiff's request could have easily been accommodated because desk space, as suggested above in paragraph 9, was available for her use on the first floor, and because in prior years, she had performed the same or similar duties from a first floor location, utilizing files of the same character.

**PART TWO. <u>Plaintiff's First Claim for Relief (Retaliation).</u>**

12. Plaintiff re-alleges and incorporates herein by reference, in this, her First Claim for Relief, each and every allegation set forth in paragraphs 1 through 11 above, as if the said paragraphs were expressly reiterated in this, her First Claim for Relief.

13. The true reason for her firing by the defendant was in retaliation for her request for a reasonable accommodation under the Americans With Disabilities Act, and her communication with the defendant's Human Relations

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

("HR") director in order to express her good faith belief that the refusal to allow her to work from the first floor location was a violation of law, considering her disabilities and other factors, and her good faith belief that her contact with the "HR" director was protected conduct. A good faith report to HR of discriminatory conduct is "protected activity" as a predicate for a claim of retaliation. **See,** *e.g.*, *Solomon v. Vilsack, Secretary of Agriculture,* 763 F.3d 1 (D.C. Cir. 2014); **see** *Sayger v. Riceland Foods, Inc.,* 753 F.3d 1025 (8TH Cir. 2013).

14. Such retaliation was illegal under section 704 of Title VII, which protects employees from retaliation for opposing discriminatory or harassing practices or for participating in an inquiry into discriminatory practices. **See** 42 U.S.C. sec 2000e-3(a). Equivalent statutory protections against retaliation are provided by the Americans With Disabilities Act and the Alaska Human Rights Act (**see** AS 18;80;220(a)(4); **see** *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 660 (Alaska 2006).

15. Plaintiff's report to the "HR" director of the defendant was a substantial motivation for the defendant's desire to retaliate against her by terminating her employment.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

**PART THREE: Plaintiff's Second Claim for Relief (Breach of the Implied Covenant of Good Faith and Fair Dealing).**

16. Plaintiff re-alleges and incorporates herein by reference, in this, her Second Claim for Relief, each and every allegation set forth in paragraphs 1 through 14 above, as if the said paragraphs were expressly reiterated, in this, her Second Claim for Relief.

17. There exists, in every contract of employment entered into in the State of Alaska, an implied covenant of good faith and fair dealing.

18. Under the implied covenant of good faith and fair dealing, an employer may not terminate an at-will employee, such as plaintiff was, for reasons antithetical to the implied covenant. The "objective prong" of the implied covenant can be breached by the conduct of the employer which violates public policy, or which fails to act in a manner that a reasonable person would regard as fair.

19. The defendant's conduct, in terminating plaintiff's at-will employment, under the circumstances above-described, (a) violated public policy and, (b), in addition, was conduct that a reasonable person would regard as unfair.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

20. For either or both of the reasons set forth in the preceding paragraph, the defendant, in terminating plaintiff's employment, violated the implied covenant of good faith and fair dealing in force in Alaska.

**PART FOUR. Claim Under the Americans With Disabilities Act.**

21. Plaintiff re-alleges each and every allegation set forth above in paragraphs 1 through 20, as if the same were expressly restated in this, her Third Claim for Relief.

22. Plaintiff, at all times relevant, has suffered from peripheral neuropathy, which causes her intermittent numbness and pain in her hands, legs, and feet. Peripheral neuropathy is a disability within the meaning of the Americans with Disabilities Act.

23. In seeking to work in a first-floor office location, instead of in a higher floor, plaintiff was seeking a reasonable accommodation. In refusing to make the particularrequested accommodation, and then terminating her employment, and in failing to engage in an interactive process, the defendant-employer violated the plaintiff's rights to reasonable accommodation under the Americans with Disabilities Act.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

24. Plaintiff is entitled to recover damages for past, present and future lost earnings, and for emotional distress, under the Americans With Disabilities Act (as well as because of her other claims for relief pled or referenced above.

**PART FIVE: Claim under Alaska Human Rights Commission.**

25. Plaintiff re-alleges, and incorporates by reference, each and every allegation set forth above, as if the same were expressly reiterated herein, in this, her Fourth Claim for Relief.

26. It is the public policy of Alaska, as made manifest by AS 18.80.200(b) "to encourage physically. . . disabled persons to participate fully in the social and economic life of the state and to engage in remunerative employment."

27. Under AS 18.80.220(a)(4) it is unlawful for an employer "to discharge, Expel, or otherwise discriminate against a person because the person has opposed any practices forbidden under AS 18.80.200 – 18.80. 280 [the Alaska Human Rights Act] or because the person has filed a complaint, testified or assisted in a proceeding under this chapter."

28. Both in failing to provide the reasonable accommodation sought by the plaintiff, a disabled person, and in terminating her employment shortly after she complained to the "HR" director about the defendant's refusal to provide

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

the requested reasonable accommodation, the defendant behaved in a manner contrary to, and inconsistent with, the Alaska Human Rights Act, and so caused the plaintiff to suffer economic damages and emotional distress.

29. Plaintiff's economic damages and emotional distress are continuing in nature, and their nature and extent will be proved at trial.

WHEREFORE, plaintiff prays for the recovery of damages from the defendant, (a) for her loss of past, present, and future income, and (b) for her past, present and future emotional distress, and (c) for the recovery of her costs and attorney fees incurred in this action, and (d) for such other, further or different relief as the Court or Jury may find just and proper.

DATED at Anchorage, Alaska, this 15th day of May, 2020.

Joe P. Josephson
Alaska Bar number 6102018
Josephson Law Offices, LLC
912 West 6th Avenue
Anchorage, Alaska 99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
joepjosephson@gmail.com

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

MICHELE WAETJEN, )
)
Plaintiff, )
)
v. )
)
SYSCO ALASKA, INC., )
an Alaska corporation, )
)
Defendant. ) Case No. 3AN-20-05682 CIV.
)

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of May, 2020, I caused to be served, a true and correct copy of the following documents:

1. Motion for Leave to Amend Complaint;
2. [PROPOSED] Order Granting Motion for Leave to Amend Complaint;
3. Second Amended Civil Complaint; and this
4. Certificate of Service.

These documents were sent by US Mail to:

Douglas Parker, Esq.
Littler Mendelson
500 L Street, Suite 520
Anchorage, AK 99501

DATED at Anchorage, Alaska, this 15th day of May, 2020.

Evon O'Connor, Legal Assistant for
Josephson Law Offices, LLC

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Michele Waetjen<br>Plaintiff(s),<br>vs.<br><br>Sysco Alaska Inc<br>Defendant(s) | CASE NO: 3AN-20-05682CI<br><br>**INITIAL PRETRIAL ORDER** |

Pursuant to the Uniform Pretrial Order Administrative Order 3AO-03-04 (Amended), and Administrative Order 3AO-09-14, this Court hereby issues the Initial Pretrial Order in this case.

## Routine Pretrial Order

The parties shall discuss among themselves possible trial dates and the expected length of trial. Within **15 days** after distribution of the Initial Pretrial Order, the parties shall jointly submit a list of three trial dates that are each approximately **12 months** from the date of the Initial Pretrial Order. The submission to the Court should also state the approximate number of trial days the parties believe will be required. A Routine Pretrial Order will be issued based on the parties' report in accordance with the Uniform Pretrial Order.

## Initial Disclosures

Unless an earlier date is or has been agreed to by the parties, initial disclosures required under Alaska Civil Rule 26(a)(1) shall be served not later than **30 days** after distribution of the Initial Pretrial Order.

## Alternative Dispute Resolution

Not later than **45 days** after distribution of the Initial Pretrial Order, each attorney will discuss with his or her client(s) the possibility of settling this case (or portions of the case) through mediation, conference, arbitration, or other alternative to litigation. Not later than **60 days** from the date of this order, the parties or their attorneys shall meet to discuss whether some form of alternative dispute resolution can be agreed on. Whenever practical, the parties are encouraged to meet in person instead of by phone.

5/28/2020
Effective Date

Andrew Guidi
Superior Court Judge

I certify that on 5/28/2020
a copy of this order was mailed or delivered to:
Joseph P Josephson
Douglas S Parker

CMcNeese, Administrative Assistant

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

MICHELE WAETJEN,
Plaintiff,

v.

SYSCO ALASKA, INC.
an Alaska Corporation,
Defendant.

Case No. 3AN-20-05682 CI

**ENTRY OF APPEARANCE**

COMES NOW Littler Mendelson by and through the undersigned attorney and without waiving any defense of lack of jurisdiction, improper venue, or any other defense available to the defendant, hereby enters its appearance in the above-entitled action on behalf of defendant Sysco Alaska, Inc.

Littler Mendelson requests that all pleadings and correspondence intended for this named defendant be served on Douglas S. Parker, Littler Mendelson, 500 L Street, Suite 201, Anchorage, Alaska 99501, Email address: dparker@littler.com, Phone: (907) 561.1214 or 503.889.8873.

Dated this 28th day of May, 2020.

LITTLER MENDELSON
Attorneys for Defendant Sysco Alaska, Inc.

By: *s/ Douglas S. Parker*
Douglas S. Parker
Alaska Bar 8311168

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, AK 99501
Tel: 907.561.1214
Fax: 907.561.1215

**CERTIFICATE OF SERVICE**

I hereby certify this 28th day of May, 2020, that I caused a true and correct copy of the foregoing to be served by email on the following:

Joe Josephson
joepjosephson@gmail.com

*s/ Nancy Kruse*
Nancy Kruse
Legal Assistant

4821-0114-5018.2

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, AK 99501
Tel: 907.561.1214
Fax: 907.561.1215

Entry of Appearance
*Waetjen v. Sysco Alaska, Inc.*; 3AN-20-05682 CI
Page 2 of 2
EXHIBIT A
Page 34 of 44

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

| | |
|---|---|
| **MICHELE WAETJEN,**<br>Plaintiff,<br>v.<br>**SYSCO SEATTLE, INC.**<br>**an Alaska Corporation,**<br>Defendant. | Case No. 3AN-20-05682 CI |

**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, defendant, Sysco Seattle, Inc., ("Sysco") by and through its counsel Littler Mendelson and answers and affirmatively defends against the Second Amended Complaint by Plaintiff Michele Waetjen ("Plaintiff") by admitting, denying and alleging as follows:

**PART ONE. General Allegations Applicable to Each Claim for Relief.**

1. Sysco admits the allegations in paragraph 1 of the Complaint that Plaintiff worked in an accounts payable function for Sysco Seattle, Inc. and a predecessor entity in Anchorage and denies each and every other allegation in that paragraph.

2. Sysco admits the allegations in paragraph 2 of the Complaint that it is a corporation with offices in Anchorage, and denies each and every other allegation in that paragraph.

3. Sysco admits the allegations in paragraph 3 of the Complaint.

4. Sysco admits the allegations in paragraph 4 of the Complaint that Plaintiff was informed by her supervisor that her position was being eliminated and denies each and every other allegation in that paragraph.

5. Sysco denies the allegations in paragraph 5 of the Complaint.

6. Sysco denies the allegations in paragraph 6 of the Complaint.

7. Sysco denies the allegations in paragraph 7 of the Complaint.

8. Sysco admits the allegation in paragraph 8 of the Complaint that Plaintiff sought to remain in a downstairs work location and denies each and every other allegation in that paragraph.

9. Sysco denies the allegations in paragraph 9 of the Complaint.

10. Sysco denies the allegations in paragraph 10 of the Complaint.

11. Sysco admits the allegations in paragraph 11 of the Complaint that Plaintiff previously performed accounts payable duties on the first floor and denies each and every other allegation in that paragraph.

**PART TWO. Plaintiff's Second Claim for Relief (Retaliation).**

12. Defendant's responses to paragraphs 1 through 11 of the Plaintiff's Second Amended Complaint are re-alleged and incorporated herein.

13. Sysco denies the factual allegations in paragraph 13 of the Complaint that Plaintiff was terminated for retaliatory reasons or that she made a good faith report to the HR Director. Other allegations in paragraph 13 of the Complaint are statements of law and not

fact, for which no response is necessary.  Defendant denies each and every other allegation in paragraph 13 of the Complaint.

14.    Sysco denies the factual allegations in paragraph 14 of the Complaint that it engaged in retaliation towards Plaintiff.  Other allegations in paragraph 14 of the Complaint are statements of law and not fact, for which no response is necessary.  Defendant denies each and every other allegation in paragraph 14 of the Complaint.

15.    Sysco denies the allegations in paragraph 15 of the Complaint.

**PART THREE.        Plaintiff's Second Claim for Relief (Breach of the Implied Covenant of Good Faith and Fair Dealing).**

16.    Defendant's responses to paragraphs 12 through 15 of the Plaintiff's Second Amended Complaint are re-alleged and incorporated herein.

17.    The allegation in paragraph 17 of the Complaint is a statement of law and not fact, for which no response is necessary.

18.    The allegation in paragraph 18 of the Complaint is a statement of law and not fact, for which no response is necessary.

19.    Sysco denies the allegations in paragraph 19 of the Complaint.

20.    Sysco denies the allegations in paragraph 20 of the Complaint.

**PART FOUR.   Claim Under the Americans With Disabilities Act.**

21.    Defendant's responses to paragraphs 16 through 20 of the Plaintiff's Second Amended Complaint are re-alleged and incorporated herein.

22.    Sysco lack information and belief as to the allegations in paragraph 22 of the Complaint concerning Plaintiff's alleged medical condition and therefore denies them.

23. Sysco denies the allegations in paragraph 23 of the Complaint.

24. Sysco denies the allegations in paragraph 24 of the Complaint.

**PART FIVE. <u>Claim Under Alaska Human Rights Commission</u>.**

25. Defendant's responses to paragraphs 21 through 24 of the Plaintiff's Second Amended Complaint are re-alleged and incorporated herein.

26. The allegation in paragraph 26 of the Complaint is a statement of law and not fact, for which no response is necessary.

27. The allegation in paragraph 27 of the Complaint is a statement of law and not fact, for which no response is necessary.

28. Sysco denies the allegations in paragraph 28 of the Complaint.

29. Sysco denies the allegations in paragraph 29 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by her failure to state a claim for which relief might be granted.

2. Plaintiff's claims are barred in whole or in part by Sysco's good faith effort to provide employment free from discrimination, retaliation and interference, and to comply with all applicable laws

3. All treatment of Plaintiff was in good faith and based on legitimate, non-retaliatory reasons unrelated to any complaint, request for accommodation, or opposition of any kind. Even if Sysco had been motivated, in part, by any alleged unlawful retaliatory

intent (which it denies), Plaintiff's claims fail nonetheless because Sysco would have treated Plaintiff in the same manner irrespective of any alleged unlawful consideration.

4.      Plaintiff's claims fail because she cannot establish a prima facie case for her claims.

5.      Plaintiff's claims fail because she cannot establish that the stated reason(s) for her termination from employment are a pretext.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches and unclean hands.

7.      Plaintiff is not a qualified individual with a disability within the meaning of state law.

8.      Plaintiff could not perform the essential functions of her job with or without a reasonable accommodation.

9.      Plaintiff is not substantially limited in any major life activity.

10.     Sysco did not refuse to provide Plaintiff any reasonable accommodations to perform the essential functions of her job.

11.     Sysco made reasonable, good faith efforts to accommodate Plaintiff's medical condition(s).

12.     Sysco's actions were neither willful nor in disregard of Plaintiff's rights.

13.     Certain of Plaintiff's claims are barred because she failed to exhaust her administrative remedies.

14.     Plaintiff's claims are barred in whole or in part by applicable statutes of limitation.

15.     Plaintiff's claims are barred in whole or in part because her position was eliminated for legitimate business reasons.

16.     Plaintiff's claims are barred in whole or in part by her failure to make reasonable efforts to mitigate her damages, if any.

17.     Sysco reserves the right to assert additional defenses of which it becomes aware and/or are clarified by Plaintiff during the course of the litigation.

WHEREFORE, Defendant respectfully requests the following relief:

A.     That Plaintiff be awarded no relief and that her Second Amended Complaint be dismissed in its entirety with prejudice;

B.     That Sysco be awarded all costs and reasonable attorneys' fees incurred in defense against Plaintiff's claims; and

C.     For such further relief as the Court deems just and proper.

Dated this 29th day of May, 2020.

                                        LITTLER MENDELSON
                                        Attorneys for Defendant Sysco Seattle, Inc.


                                    By:    *s/ Douglas S. Parker*
                                        Douglas S. Parker
                                        Alaska Bar 8311168

**CERTIFICATE OF SERVICE**

I hereby certify this 29th day of May, 2020, that I caused a true and correct copy of the foregoing to be served by email on the following:

Joe Josephson
joepjosephson@gmail.com

*s/ Nancy Kruse*
Nancy Kruse
Legal Assistant

4820-6772-9597.1 063236.1286

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

MICHELE WAETJEN,

Plaintiff,

v.

SYSCO SEATTLE, INC.
an Alaska Corporation,

Defendant.

Case No. 3AN-20-05682 CI

**CORRECTED ENTRY OF APPEARANCE**

COMES NOW Littler Mendelson by and through the undersigned attorney and without waiving any defense of lack of jurisdiction, improper venue, or any other defense available to the defendant, hereby enters its appearance in the above-entitled action on behalf of defendant Sysco Seattle, Inc.

Littler Mendelson requests that all pleadings and correspondence intended for this named defendant be served on Douglas S. Parker, Littler Mendelson, 500 L Street, Suite 201, Anchorage, Alaska 99501, Email address: dparker@littler.com, Phone: (907) 561.1214 or 503.889.8873.

Dated this 29th day of May, 2020.

LITTLER MENDELSON
Attorneys for Defendant Sysco Seattle, Inc.

By: *s/ Douglas S. Parker*
Douglas S. Parker
Alaska Bar 8311168

Case 3:20-cv-00124-SLG Document 2-1 Filed 06/02/20 Page 42 of 44

**CERTIFICATE OF SERVICE**

I hereby certify this 29th day of May, 2020, that I caused a true and correct copy of the foregoing to be served by email on the following:

Joe Josephson
joepjosephson@gmail.com

*s/ Nancy Kruse*
Nancy Kruse
Legal Assistant

4822-7187-4237.1 063236.1286

**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**

**THIRD JUDICIAL DISTRICT AT ANCHORAGE**

**MICHELE WAETJEN,**

Plaintiff,

v.

**SYSCO SEATTLE, INC.**
**an Alaska Corporation,**

Defendant.

Case No. 3AN-20-05682 CI

**NON-OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant, Sysco Seattle, Inc., and files its non-opposition to Plaintiff's Motion for Leave to Amend Complaint filed on May 15, 2020.

Dated this 29th day of May, 2020.

LITTLER MENDELSON
Attorneys for Defendant Sysco Seattle, Inc.

By: *s/ Douglas S. Parker*
Douglas S. Parker
Alaska Bar 8311168

**CERTIFICATE OF SERVICE**

I hereby certify this 29th day of May, 2020, that I caused a true and correct copy of the foregoing to be served by email on the following:

Joe Josephson
joepjosephson@gmail.com

*s/ Nancy Kruse*
Nancy Kruse
Legal Assistant

4849-1297-5549.1 063236.1286